UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MEGAN HAYDEL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 19-670-JWD-RLB** |
| | * | |
| | * | |
| **STATE FARM MUTUAL** | * | |
| **AUTOMOBILE INSURANCE** | * | |
| **COMPANY** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**JOINT STATUS REPORT**

**NOW INTO COURT,** through their respective undersigned counsel, come Plaintiff, **MEGAN HAYDEL**, and the defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, who respectfully submit this Rule 26 Status Report pursuant to the Court's Order [R. Doc. 2]:

**A.   JURISDICTION:**

This basis of jurisdiction of this Honorable Court falls under 28 U.S.C. § 1332 and 28 U.S.0 §§ 1411 & 1146-1451. There is, as of the date of this Joint Status Report, complete diversity between all parties. Further, the amount in controversy exceeds $75,000 exclusive of interest and costs. The parties do not contest the jurisdiction of this court at this time.

**B.   BRIEF EXPLANATION OF THE CASE:**

**1.   Plaintiff:**

On September 26, 2016, Petitioner, MEGAN HAYDEL was lawfully operating a 2011 Jeep Compass, and was traveling southbound on Nicholson Drive in East Baton Rouge Parish, Louisiana.   KELTON BATES was operating a 2007 Cadillac CTS, and crossed traffic in an attempt to turn left to travel southbound on Nicholson Drive in East Baton Rouge Parish, Louisiana.   The collision sued herein is inexplicable without resort to the presumption of

negligence in view of the fact that the defendant's vehicle, driven by KELTON BATES, was executing a left-hand turn maneuver at the time of the collision.

Mr. BATES' automobile insurer GEICO INSURANCE COMPANY issued a policy of insurance containing limits of liability coverage for bodily injury in the amount $15,000.00 per person and $30,000.00 per accident. On February 27, 2017, Petitioner settled her claims against KELTON BATES, and his liability insurer, GEICO CASUALTY COMPANY for policy limits, reserving her rights against STATE FARM (UM POLICY), thereby giving STATE FARM (UM POLICY) a credit in the amount of $15,000.00 toward compensation of Petitioner's damages and claims. Further, that said primary insurance policy limit of $15,000.00 was insufficient to cover all of the damages, losses and expenses sustained and incurred by MEGAN HAYDEL caused by the vehicular accident of September 26, 2016 such that KELTON BATES was an underinsured motorist who was entirely at fault in causing said accident.

Constance Haydel (mother of plaintiff) was the owner of the 2011 Jeep Compass. This vehicle was insured by STATE FARM, who maintained in full force and effect a policy of automobile Uninsured/Underinsured insurance, Policy Number 232-9433-E21-18, that contained insurance coverage provisions covering the liability of KELTON BATES to Petitioner; further, that said policy of insurance contained limits of UM coverage for bodily injury in the amount $500,000.00 per person and $500,000.00 per accident.

On September 26, 2016, Petitioner provided her insurer, STATE FARM, with a proper and sufficient satisfactory proof of loss by transmitting same by facsimile transmission and therein made amicable demand upon Defendant for UM benefits. Further, this proof of loss included all medical records and expenses, including proof of Petitioner's injuries, as well as requisite proof regarding all other applicable insurance coverages, including information pertaining to KELTON

BATES' insurance coverage. Additionally, on February 27, 2017, Petitioner also advised her UM insurer that she had settled her claim against KELTON BATES and his insurer, GEICO CASUALTY COMPANY, and reiterated her demand for UM benefits pursuant to her policy of insurance and applicable law to fully compensate her for her damages sustained in said vehicular accident.

Defendant, STATE FARM, despite said written request for UM benefits after receipt of satisfactory proof of loss, has failed within the applicable legal days to pay unto its insured, MEGAN HAYDEL, such sums and UM benefits as would be considered reasonable, considering the extent, gravity and permanency of the injuries suffered by MEGAN HAYDEL and the information submitted to STATE FARM on February 27, 2017. More than thirty (30) days have elapsed since Petitioner has made a demand for UM benefits with satisfactory proof upon Defendant.

As a direct result of said automobile accident, Petitioner, MEGAN HAYDEL sustained, continues to have, and in the future will have personal injury, damages, both general and special, and harm, including the following:

- **A.** Past, present and future physical pain and suffering;
- **B.** Past, present and future mental pain and suffering;
- **C.** Past, present and future deterioration of her physical integrity;
- **D.** Past, present and future medical expenses which will be shown more fully at trial;
- **E.** Past, present and future impairment of both lifestyle and loss of enjoyment of life; and
- **F.** All other items of damages not specifically pleaded herein that are recoverable by the Petitioner and are reasonable herein.

Petitioner further alleges STATE FARM, is liable to Petitioner under La R.S. 22:1973, requesting a judgment of an award against said insurer for all statutory penalties, including an amount not to exceed twice the amount of damages sustained by Petitioner and for reasonable attorney's fees pursuant to the provisions of Section 1973(C) of Title 22 of the Louisiana Revised

Statutes, and that Petitioner now seeks imposition of all such sanctions to the fullest extent authorized under applicable law.

**2. Defendant:**

The State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") is sued in its capacity as the underinsured motorist bodily injury insurer of the plaintiff. State Farm disputes liability for the personal injury damages sought by the plaintiff, and contends that the amounts previously paid to plaintiff, for which State Farm is entitled to a credit, are sufficient to compensate her for any damages she may have sustained. State Farm further denies that it has handled plaintiff's insurance claim in any manner that was arbitrary, capricious, or without probable cause, such that it is not liable for any statutory damages, penalties or attorney fees. State Farm would further direct the Court to its Answer concerning defenses pleaded.

**PENDING MOTIONS:**

None at this time

**C. ISSUES:**

**1. Plaintiff:**

Plaintiff has identified the following issues:

1. Plaintiff's injuries, damages and bad faith UM penalties.

2. Liability may or may not be an issue:

> KELTON BATES advised the B.R.P.D. that she was attempting to cross over traffic to **turn left**/south on Nicholson…he advised he did not see Megan Haydel before the collision.

**3. Defendant:**

State Farm submits that the primary issues will liability for the subject accident, the nature, causation and extent of plaintiff's claimed personal injury damages, as well as whether State Farm handled plaintiff's claim in "bad faith."

**D.     DAMAGES**

    **1.     Plaintiff:**

As a result of the incident sued upon herein, Plaintiff, MEGAN HAYDEL, suffered the following damages to date:

    A.     Physical pain and suffering – past, present and future;

    B.     Mental pain, anguish, and distress – past, present and future; and

    C.     Medical expenses – past, present and future;

| MEDICAL PROVIDER | TREATMENT DATES | TOTAL BILL |
|---|---|---|
| Spine & Sports Rehab Center | 9/26/16 - 6/19/17 | $7,949.95 |
| Baton Rouge Imaging | 10/19/16 & 1/9/17 | $6,000.00 |
| Injury Treatment Center - NO | 11/10/16 - 10/1/18 | $16,860.00 |
| Summit Chiropractic | 10/2/17 - 10/10/18 | $6,232.00 |
| Covington Orthopedic Sports Medicine Institute | 8/10/2018 | $445.00 |
| Guardian Care | | |
| Crescent View Surgery Center | 8/26/2019 | |

                                                                                                 $37,486.95

**STILL TREATING – SUMMARY IS NOT COMPLETE**

    D.     Loss of enjoyment of life – past, present, and future;

    E.     Statutory penalties, including an amount not to exceed twice the amount of damages sustained by Petitioner and for reasonable attorney's fees pursuant to the provisions of Section 1973(C) of Title 22; and

    F.     Any and all other damages to be proven at trial of this matter.

**2. Defendant:**

State Farm has not asserted a counterclaim. State Farm disputes the amount of damages claimed by plaintiff, and whether such damages were caused by the subject automobile accident.

**F. SERVICE:**

All parties have appeared and answered the lawsuit.

**G. DISCOVERY**

**1. Have the initial disclosures required under FRCP 26(a)(1) been completed?**

**PLAINTIFF:** Yes, sent on October 21, 2019.

**DEFENDANT:** Will be completed by November 14, 2019

**2. Briefly describe any discovery that has been completed or is in progress:**

**PLAINTIFF:**

Plaintiff has issued and served Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY with Interrogatories, Requests for Production of Documents, and Requests for Admission on August 27, 2019. Plaintiff has granted the defendants a 30-day extension. Plaintiff will need conduct several depositions of State Farm personnel (UM adjusters), including a 30(B)(6), and defendant driver depositions.

**DEFENDANT:**

State Farm has propounded written discovery to plaintiff and has gathered records. Depositions of plaintiff and Kelton Bates are scheduled for January 6, 2020.

3. **Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.**

   **PLAINTIFF:**

   Plaintiff is not aware of any such issues at this time. Plaintiff is willing to enter into a protective order with defendant for certain discovery documents if necessary.

   **DEFENDANT:**

   It is anticipated that a protective order will be needed with regard to any discovery of institutional, confidential, proprietary or trade secret information.

4. **Discovery from experts:**

   **PLAINTIFF:**

   a. Plaintiff will present expert testimony from her treating physicians. It is our understanding that the treating physicians are **not** required to prepare expert reports pursuant to the Rule 26 Expert Disclosures.

   b. Plaintiff may call a bad faith expert regarding State Farms failure to timely tender UM payments - Section 1973(C) of Title 22;

   c. Life care plan expert;

   d. Economist - Economic expert; and

   e. Plaintiffs reserve the right to retain other experts as the matter proceeds.

   **DEFENDANT:**

   State Farm anticipates possibly retaining one or more medical experts, including requests for independent medical examinations. State Farm also anticipates possibly retaining experts to counter those listed or retained by Plaintiff.

H.  **PROPOSED SCHEDULING ORDER:**

1. Exchanging initial disclosures required by FRCP 26(a)(1):

    November 14, 2019

2. Recommended deadlines to join other parties or to amend the pleadings:

    January 15, 2020

3. Filing all discovery motions and completing all discovery, except experts:

    May 29, 2020

4. Disclosure of identities and resumes of expert witnesses:

    **PLAINTIFF:**     March 15, 2019

    **DEFENDANTS:**   May 15, 2019

5. Exchange of expert reports:

    **PLAINTIFF:**     May 29, 2020

    **DEFENDANTS:**   July 15, 2020

6. Completion of discovery from experts:   September 1, 2020

7. Filing dispositive and Daubert motions:   November 1, 2020

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's scheduling, within the following general parameters. The parties should not provide any proposed dates for these remaining deadlines.

    a. Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

    b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

      c.      Deadline to file responses to motions in limine (approximately 22-24 weeks after dispositive motion deadline).

      d.      Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

      e.      Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

      f.      Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

      g.      Trial date (approximately 27-29 weeks after dispositive motion deadline).

9. If the general outline of proposed deadlines does not fit the circumstance of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

**I.   TRIAL**

   **1.   Has a demand for trial by jury been made?**
       Yes.

   **2.   Estimate the number of days that trial will require.**

       3 - 4 days.

**J.   OTHER MATTERS**

There are no other matters to address at this time. The parties agree to cancel the conference and enter a scheduling order based on the deadlines set out in this report. Plaintiffs' counsel has a deposition set for 5:00 pm on the day of this conference, which was scheduled prior to the order being issued.

**K.   SETTLEMENT**

The parties have had no settlement discussions at this early juncture and therefore, do not believe a settlement conference would be helpful at this time.

L.     **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE:**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court?

[   ] YES      [ **X** ] NO

**Report Dated: 11-6-2019**            **RESPECTFULL SUBMITTED:**

*/s/ Todd C. Comeaux*
**TODD C. COMEAUX (#23453)**
COMEAUX LAW FIRM
2354 S. Acadian Thruway, Suite C
Baton Rouge, LA 70808-2366
Telephone: 225-706-9000
Facsimile: 225-706-9001


-and –

**MICHAEL S. BRANDNER, JR**. (La. Bar 27973)
**SCOT P. KOLOSKI** (La. Bar 27537)
MIKE BRANDNER INJURY ATTORNEYS
2000 Clearview Parkway Ste. 100
Metairie, LA. 70001
Telephone: (504) 345-1111
Facsimile: (504) 521-7550
Email: Mbrandner@brandnerinjury.com
Email: Skoloski@brandnerinjury.com

*Attorneys for Plaintiff,* MEGAN HAYDEL

-and-

Respectfully submitted,

**SCHUTTE, TERHOEVE,
RICHARDSON, EVERSBERG,
CRONIN, JUDICE & BOUDREAUX**

By: /s/ Brad M. Boudreaux
    BRAD M. BOUDREAUX (30404)
    501 Louisiana Avenue
    Baton Rouge, LA  70802
    Telephone: 225-387-6966
    Fax:  225-387-8338
    *Attorneys for State Farm Mutual Automobile Insurance Company*